**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN PEREZ-CRUZ, | No. 12-73718 |
| Petitioner, | Agency No. A094-801-760 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Marvin Perez-Cruz, a native and citizen of Nicaragua, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies in the record regarding when Perez-Cruz joined the Independent Liberal Party, when he first received a death threat by Sandinistas, whether Sandinistas threatened his brother, and whether Perez-Cruz went to the hospital after being beaten. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of circumstances). We reject Perez-Cruz's contention that the inconsistencies were minor. Further, Perez-Cruz's explanations do not compel the opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We lack jurisdiction to consider any contentions Perez-Cruz raises regarding his interview by a border patrol agent. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented in administrative proceedings below). In the absence of credible testimony, Perez-Cruz's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Perez-Cruz's CAT claim also fails because it is based on the same statements found not credible, and he does not point to any other evidence in the record to compel the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Nicaragua. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**